Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 98 C 6413 | DATE | 3/27/2000 |
| CASE TITLE | Debra McMasters vs. United States of America et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** The Court grants the government's motion (Doc 53-1) for judgment on the pleadings. The Court denies McMasters' motion (Doc 56-1) for summary judgment in its entirety. All other pending motions are denied as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 2 8 2000 date docketed | 35 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | SB, docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DEBRA MCMASTERS, individually and as next-of-kin of decedent, AMANDA LEE SCOTT, a minor, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | 98 C 6413 |
| UNITED STATES OF AMERICA, and the DEPARTMENT OF THE NAVY | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge.

This case comes before the court on defendant United States' ("the government") motion for judgment on the pleadings or in the alternative for summary judgment and plaintiff Debra McMasters' ("McMasters") motion for summary judgment. For the reasons set forth below, the Court grants the government's motion and denies McMasters' motion in its entirety.

## BACKGROUND

Valentine Underwood ("Underwood"), although not a party to this case, is the central figure in this tragic story. Underwood enlisted in the Marine Corps in Maryland in 1990. On his enlistment application, he disclosed that he had been arrested for rape in 1988 in New York. Further investigation revealed that Underwood had also been arrested in Maryland in 1987 for the same offense. Neither arrest resulted in a conviction. On the section of the application relating to drug use, Underwood stated, falsely, that he had never used any kind of illegal drug. Despite Underwood's arrest record, the Marines issued a waiver that allowed Underwood to enlist in the Corps.

In the summer of 1991, Underwood was stationed at the Marine Corps base at 29 Palms, California. While stationed there, Underwood was once again investigated in connection with a reported rape. While the investigation was pending, Underwood regularly left the base. Both Underwood and his roommate, Perry Bernard Osbey ("Osbey") were both members of the base basketball team, coached by Sergeant Larry Isom ("Isom"). Osbey regularly socialized with Underwood, but Isom's interactions with Underwood were limited to two conversations in which the two had mostly discussed

basketball. Early on the morning of August 2, 1991, Underwood went to his room on the base to try to convince Osbey to accompany him to an off-base apartment occupied by Rosalie Ortega, a 20-year-old, and plaintiff's decedent, Amanda Lee Scott, a 15-year-old. Osbey noted that Underwood's eyes were glassy and that Underwood was acting strangely. Osbey had heard rumors that Underwood had been using cocaine but did not know if the rumors were true. Whether because of Underwood's strange behavior or because of the basketball tournament in which both Osbey and Underwood were to participate later that day, Osbey chose not to go to the apartment. When Underwood did not come to the designated gathering place for the basketball team to leave for the tournament, Isom asked Osbey if he knew where Underwood was, and Osbey told him that Underwood was at some girls' apartment off base and that Osbey had an idea where the apartment was. At first Isom decided to drive to get Underwood but later changed his mind because he was so angry with Underwood for being late. Underwood later showed up at the tournament, and soon it was discovered that at the time he was to have met Isom and Osbey and the other members of the team, Underwood was murdering Ortega and Scott at the apartment where he told

Osbey he was going. Underwood was charged with the murders shortly thereafter and for the June rape on August 14, 1991. Medical examination of the victims found Underwood's sperm in both victims. A state court convicted Underwood of both murders in 1997, and he is serving two consecutive life sentences in California. After Underwood's conviction, McMasters filed the instant action seeking damages from the government and the Department of the Navy under the Federal Tort Claims Act ("FTCA"), 28 U.S.C.A. §§ 2671 et seq. The case, originally filed in the Central District of California on February 28, 1995, was transferred to the Northern District of Illinois in 1998. The government has moved for judgment on the pleadings or, in the alternative, for summary judgment, and McMasters has moved for summary judgment.

## LEGAL STANDARDS

After the close of pleadings, a defendant may, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, move for judgment on the pleadings to dispose of the case on the basis of the underlying substantive merits. The appropriate standard for a judgment on the pleadings is that applicable to summary judgment, except that the court may consider only the contents of

the pleadings. See Alexander v. City of Chicago, 994 F.2d 333, 336 (7th Cir. 1993). Thus, all well-pleaded allegations are taken as true, and the facts and inferences to be drawn from those allegations are viewed in a light most favorable to the plaintiff. See id.

Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, reveals that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of showing that no genuine issue of material fact exists. See Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2458, 91 L.Ed.2d 265 (1986). The burden then shifts to the nonmoving party to show through specific evidence that a triable issue of fact remains on issues on which the nonmovant bears the burden of proof at trial. See id. The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits. The nonmovant must go beyond the pleadings and support its contentions with proper documentary evidence. See id.

The plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to establish the existence of an element

essential to that party's case, and on which that party will bear the burden of proof at trial. "In such a situation there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." See id. at 323.

For cross-motions for summary judgment, each movant must individually fulfill the stringent requirements necessary to obtain summary judgment under Rule 56, such standards still being applicable. See United Transportation Union v. Illinois Central R.R., 998 F. Supp. 874, 880 (N.D. Ill. 1998). By filing cross-motions for summary judgment, the parties do not waive trial by the merits, but each party merely believes that the court should grant it judgment without trial, unless the judge disagrees. See Miller v. LeSea Broadcasting, Inc., 87 F.3d 224, 230 (7th Cir. 1996). Indeed, upon receipt of cross-motions for summary judgment, the court is not required to grant summary judgment as a matter of law for either side. See Brownlee v. City of Chicago, 983 F. Supp. 776, 779 (N.D. Ill. 1997); Boozell v. United States, 979 F. Supp. 670, 674 (N.D. Ill. 1997). Rather, the court will evaluate each motion on its merits, resolving factual uncertainties and drawing all

reasonable inferences against the movant. See Brownlee, 983 F. Supp. at 779; Boozell, 979 F. Supp. at 670; United Transportation Union, 998 F. Supp. at 880. With all these principles in mind, the Court evaluates the merits of the motions.

## DISCUSSION

As a preliminary matter, the government argues that this case should be dismissed in its entirety because of various problems with McMasters' service of the U.S. Attorney, even though Judge Timlin of the Central District of California deemed the government served because McMasters had substantially complied with the requirements of service. Because the Court finds McMasters' complete failure to serve the U.S. Attorney fatal, the Court departs from the Central District of California's decision and dismisses this action against the United States.

McMasters filed her complaint against the United States and the Department of the Navy in the Central District of California on February 28, 1995. On, July 30, 1995, she served the Unites States Marine Corps by hand delivering a copy of the summons and complaint to the Marine Corps' Air and Ground Combat Center in Twenty-Nine Palms, California. In June 1996,

over a year after filing her complaint, McMasters sent a copy of the summons and complaint via certified mail to the Attorney General of the United States. In addition, in June 1996, McMasters sent by certified mail copies of the summons and complaint to the Commandant of the Marine Corps and the Department of the Navy. McMasters did not and has never properly served the U.S. Attorney for the district in which the action was brought or any other U.S. Attorney.

After the district court issued repeated orders to McMasters to show cause why the action should not be dismissed for lack of diligent prosecution based on lack of service, McMasters moved for default judgment on March 25, 1998 because the government had not responded to her complaint. The district court vacated this motion for default because McMasters had not requested an Entry of Default by the Clerk. Subsequently, McMasters filed another motion for default judgment on June 8, 1998. The government opposed this motion for default judgment, asserting that the U.S. Attorney was unaware of McMasters' action until the filing of the March 25, 1998 motion for default judgment because McMasters had never properly served the U.S. Attorney with a summons and complaint.

In a minute order, Judge Timlin denied the motion for default judgment, but "deem[ed] the U.S. Attorney's Office as served because McMasters, representing herself pro se, has 'substantially complied' with Fed.R.Civ.Proc. [sic] Rule 4 and it is clear that the U.S. Attorney's Office by its response to the instant motion has actual notice of the complaint against its clients, the United States of America and the Department of the 1Navy." See McMasters v. U.S., No. 95-0064 (C.D. Ca. Aug. 18, 1998). Judge Timlin also noted that McMasters contended that she had a justifiable excuse for her failure to properly serve, which was that she received incorrect information regarding service of process. Finally, Judge Timlin found that the government had not shown any prejudice from the defective service, whereas he concluded McMasters would be severely prejudiced because she would lose her claim.

Although the Court is generally bound by the law of the case doctrine to not upset prior rulings in a case, it is not improper for a court to depart from a prior holding if it is convinced that "the initial decision was clearly erroneous and would work a manifest injustice." Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988); Arizona v. California, 460 U.S.

605, 619, n.8, 103 S.Ct. 1382, 1391, n.8, 75 L.Ed.2d 318 (1983). Because the Court is convinced that the decision of the Central District of California regarding service of process was clearly erroneous and would work a manifest injustice, the Court will depart from that decision.

Federal Rule of Civil Procedure 4(i) sets out the requirements for service upon the United States, and its agencies, corporations, or officers. See Fed.R.Civ.P. 4(i). It provides in relevant part:

> (1) Service upon the United States shall be effected
>     (A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and
>     (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia....
> Fed.R.Civ.P. 4(i)(1).

Further, Rule 4(m) allows 120 days for a plaintiff to serve the summons and the complaint and allows the Court to grant appropriate extensions. See Fed.R.Civ.P. 4(m). Rule 4(i)(3) also provides that a court should allow a reasonable time for a claimant to cure a failure to "serve multiple officers,

agencies or corporations of the United States if the plaintiff has effected service on either the Unites States attorney or the Attorney General for the United States." Fed.R.Civ.P. 4(i)(3).

Although McMasters mailed a copy of the summons and complaint via certified mail to the Attorney General pursuant to Rule 4(i)(1)(B), she failed to ever properly serve the U.S. Attorney in accordance with Rule 4(i)(1)(A). This failure of service is fatal to McMasters' claim. Although a court may grant an extension of time so as to approve service made outside the 120 day period provided in Rule 4(m) or cure a defect in serving multiple officers, agencies or corporations of the United States, a court may not simply condone a complete failure to serve. Compare Tuke v. United States, 76 F.3d 155, 156-57 (7th Cir. 1996) with Panaras v. Liquid Carbonic Industries Corp., 94 F.3d 338, 340-41 (7th Cir. 1996). Thus, the Central District of California may have been within its discretion in permitting McMasters' service on the Attorney General nearly 15 months after the filing of her complaint, but clearly erred in excusing McMasters from ever having served or having to serve the U.S. Attorney.

In properly serving the United States, it is not sufficient to serve only the Attorney General. See Tuke, 76 F.3d at 156-57. Rather, a claimant must comply with both prongs of Rule 4(i)(1); "for good reason: that's what the rule says." Id. at 157. Further, actual notice is insufficient to meet the requirements of Rule 4. See, e.g., Swaim v. Moltan Co., 73 F.3d 711, 719 (7th Cir. 1996); Mid-Content Wood Products, Inc. v. Harris, 936 F.2d 297, 300 (7th Cir. 1991) (liberal construction of rules of service "cannot be utilized as a substitute for the plain legal requirement as to the manner in which service of process may be held"). So, even if the U.S. Attorney did have actual notice of McMasters' complaint, it was inadequate to meet the requirements of Rule 4(i)(1)(A) and does not "deem" the U.S. Attorney served. Further, that McMasters was proceeding pro se does not excuse her from complying with the mandates of Rule 4. See Clark v. Runyon, 27 F. Supp.2d 1040, 1042 (N.D. Ill. 1998), quoting McNeil v. United States, 508 U.S. 106, 113, 113, S.Ct. 1980, 124 L.Ed.2d 21 (1993).

Thus, the Court dismisses McMasters' complaint for failure to properly serve the United States. Because the statute of limitations has run on her claim, the dismissal essentially becomes one with prejudice. See Tuke, 76

F.3d at 156. Although this seems like a harsh result, the United States Supreme Court has emphasized that federal judges should carry out the rules of procedure, regardless of whether those rules strike the judge as optimal. See, e.g., Leatherman v. Tarrant County, 507 U.S. 163, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); Schiavone v. Fortune, 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). This is because "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." Mohasco Corp. v. Silver, 447 U.S. 807, 826, 100 S.Ct. 2486, 65 L.Ed.2d 532 (1980).

McMasters claim also fails against the Department of the Navy because she improperly served it and because the Department of the Navy is not a proper defendant. Rule 4(i)(2) provides that "Service upon an officer, agency, or corporation of the United States, shall be effected by serving the United States in the manner prescribed by paragraph (1) of this subdivision and by also sending a copy of the summons and of the complaint by registered or certified mail to the officer, agency, or corporation." Fed.R.Civ.P. 4(i)(2). As discussed above, McMasters failed to serve the United States as prescribed in Rule 4(i), paragraph 1. This failure also renders her service on

the Department of the Navy insufficient under Rule 4(i)(2). See Fed.R.Civ.P. 4(i)(2). Thus, the Court dismisses McMasters' claim against the Department of Navy.

In addition, the Department of the Navy must be dismissed from this suit because it is not a proper defendant. The United States is the only party that can be sued under the FTCA; individual agencies or departments are not proper parties to FTCA actions. See, e.g., Allen v. Veterans Administration, 749 F.2d 1386, 1388 (9th Cir. 1984); Hughes v. United States, 701 F.2d 56, 58 (7th Cir. 1982). For this additional reason, the Department of the Navy is dismissed as a defendant.

Having already dismissed McMasters' complaint against the United States and the Department of the Navy, it is unnecessary for the Court to address McMasters' motion for summary judgment. The Court denies McMasters' motion for summary judgment as moot.

## CONCLUSION

For the reasons set forth above, the Court grants the government's motion for judgment on the pleadings or in the alternative for summary

judgment. The Court denies McMasters' motion for summary judgment in its entirety.

*Charles P. Kocoras*
Charles P. Kocoras
United States District Court Judge

Dated: March 27, 2000