# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 6413 | **DATE** | 6/6/2000 |
| **CASE TITLE** | McMasters vs. United States of America et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **ENTER MEMORANDUM OPINION:** The Court denies plaintiff's motion (Doc 87-1) to reconsider.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUN 07 2000 date docketed | 91 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | S.B. docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JUN 07 2000

| | |
|---|---|
| DEBRA McMASTERS, individually and as next-of-kin of decedent, AMANDA LEE SCOTT, a minor, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, and the DEPARTMENT OF THE NAVY, )<br>)<br>)<br>Defendants. ) | 98 C 6413 |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

This matter comes before the Court on Plaintiff's motion to reconsider this Court's prior decision to grant Defendants' motion for judgment on the pleadings. For the reasons set forth below, the Court denies Plaintiff's motion to reconsider.

### LEGAL STANDARD

Rule 59(e) permits parties to file, within ten days of the entry of a judgment, a motion to alter or amend the judgment. It may be invoked to alert the court to matters such as newly discovered evidence or manifest errors of law or fact. See In the Matter of Prince, 85 F.3d 314, 324 (7th Cir. 1996), cert. denied sub nom Prince v. Unsecured Creditors Committee, 519 U.S. 1040, 117 S.Ct. 608, 136 L.Ed.2d 534

(1996); Russel v. Delco Remy Div. of General Motors Corp., 51 F.3d 746, 749 (7th Cir. 1995). However, the Rule does not give a party the opportunity to undo its own procedural failures or present new evidence or arguments "that could and should have been presented to the district court prior to judgment." Moro v. Shell Oil Co., 91 F.3d 872, 876, (7th Cir. 1996), citing LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263, 1267 (7th Cir. 1995). To be successful, a Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." LB Credit Corp., 49 F.3d at 1267, quoting FDIC v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986). The decision of whether to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court." Matter of Prince, 85 F.3d at 324, citing LB Credit Corp., 49 F.3d at 1267. It is with these principles in mind that the Court considers the present motion.

## DISCUSSION

The Court previously granted the motion of Defendants, the United States and the Department of the Navy, for judgment on the pleadings. See McMasters v. United States, No. 98 C 6413, 2000 WL 336549 (N.D. Ill. Mar. 28, 2000). This Court determined that Plaintiff Debra McMasters' ("McMasters") failure to ever serve the U.S. Attorney was fatal to her case. In so doing, the Court sought guidance from Seventh Circuit caselaw and departed from an earlier ruling from the Central District of California. See id. at *3-4. Presently, McMasters moves the Court to reconsider its

previous decision, arguing that the Court erred, not in its interpretation of Seventh Circuit caselaw, but in relying on Seventh Circuit caselaw rather than Ninth Circuit caselaw in analyzing the previous motion.

Because the Court finds that it was not erroneous to rely on Seventh Circuit caselaw and precedent in evaluating the Federal Rule of Civil Procedure service issues in Defendants' motion for judgment on the pleadings, the Court denies McMasters' motion to reconsider. "A single federal law implies a national interpretation. Although courts of appeals cannot achieve this on their own, the norm is that each court of appeals considers the question independently and reaches its own decision, without regard to the geographic location of the events giving rise to the litigation." Eckstein v. Balcor Film Investors, 8 F.3d 1121, 1126 (7th Cir. 1993); see also In re Korean Air Lines Disaster, 829 F.2d 1171, 1173 (D.C. Cir. 1987) (Ruth B. Ginsburg, J.), affirmed on other grounds sub nom. Chan v. Korean Air Lines, Ltd., 490 U.S. 122, 109 S.Ct. 1676, 104 L.Ed.2d 113 (1989) ("the transferee court [should] be free to decide a federal claim in the manner it views as correct without deferring to the interpretation of the transferor circuit").

McMasters cites to Eckstein in support of its argument that this Court should apply Ninth Circuit decisional law; however, McMasters misunderstands Eckstein. In Eckstein, the Seventh Circuit affirmed the decision in Korean Airlines that a transferee court should decide federal claims independently without guessing how the transferor

court would reason. See Eckstein, 8 F.3d at 1126; Mark v. Keycorp Mortgage Inc., 1996 WL 465400, at *6, n.4 (N.D. Ill. Aug. 8, 1996). Eckstein, however, drew a narrow exception for situations where the federal law to be applied is purposely not intended to be geographically uniform among the circuits. See Eckstein, 8 F.3d at 1126; Mark, 1996 WL 465600, at *6, n.4. Nevertheless, where federal law is supposed to be uniform, as with the Federal Rules of Civil Procedure, but is interpreted differently among the circuits, the law of the transferee court governs. See Eckstein, 8 F.3d at 1126-27; Mark, 1996 WL 465400, at * 6, n.4. In interpreting federal law, "Binding precedent for all is set only by the Supreme Court, and for the district courts within a circuit, only by the court of appeals for that circuit." Korean Airlines, 829 F.2d at 1176. Therefore, this Court did not err in analyzing the Federal Rule of Civil Procedure 4(i) service issues according to Seventh Circuit decisional law.

## CONCLUSION

For the reasons set forth above, the Court denies Plaintiff's motion to reconsider.

Charles P. Kocoras
United States District Judge

Dated: June 6, 2000